IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VINCENT MILES,                        )
                                      )
    Plaintiff,                    )
                                      )
v.                                    )          Case No. 3:18-cv-254-NJR-DGW
                                      )
DR. SANTOS, RN BREWER, and LISA       )
KREBS,                                )
                                      )
    Defendants.                   )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel filed by Plaintiff, Vincent Miles, on February 12, 2018 (Doc. 3). For the reasons set forth below, the motion is **DENIED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may

consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff represents that "no attorney has responded to my request for legal assistance/ representation." Plaintiff has not identified which attorney he contacted, how many attorneys he contacted, nor has he attached the letters that he sent to these attorneys. As such, Plaintiff has not demonstrated that he has made a reasonable attempt to acquire counsel without Court intervention. Even if the Court were to find that Plaintiff made a reasonable attempt, counsel will not be recruited in this matter. Plaintiff has some high school education and it is clear from his pleading that he is capable of reading and writing in English. His complaint demonstrates that he understands the claim that he is making and the factual basis for the claim. Plaintiff alleges and has been allowed to proceed on one count of deliberate indifference to his degenerative arthritis condition. This claim is against defendants at the institution where he is housed. His claim, while involving medical care, does not appear complicated and is limited in time. In short, Plaintiff appears capable of litigating this matter without an attorney.

For the foregoing reasons, Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.

**DATED: April 3, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**