IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-254-NJR-MAB |
| | ) |
| VENERIO SANTOS, EMILY BREWER, | ) |
| and LISA KREBS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's Motion for Recruitment of Counsel (Doc. 42), Motion for Leave to File First Amended Complaint (Doc. 43), and "Motion to Understand This Courts Decisions" (Doc. 49).

**Motion for Recruitment of Counsel (Doc. 42)**

"When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).

This is Plaintiff's second motion for recruitment of counsel. The first motion was filed along with his complaint (Doc. 3). In that motion, he represented that "no attorney has responded to my request for legal assistance/representation" (Doc. 3). But Plaintiff did not identify which attorneys he contacted, how many attorneys he contacted, nor did

he attach the letters that he sent to these attorneys (*see* Doc. 3; Doc. 9). Consequently, Plaintiff's first motion was denied because he had not demonstrated that he made a reasonable attempt to acquire counsel without Court intervention (Doc. 9).

In his second motion for recruitment of counsel, Plaintiff states that before he filed his complaint, he "forwarded packets of medical documentation . . . along with letters of explanation and counsel requests. To date such presentations were met with no professional [courtesy] of rejection or return of medical documentation" (Doc. 42). Once again, Plaintiff fails to provide any details regarding his efforts to retain counsel and therefore the Court is unable to meaningfully assess whether he has made an objectively reasonable attempt to obtain counsel. Consequently, Plaintiff's motion for recruitment of counsel (Doc. 42) is denied.

Should Plaintiff choose to renew his motion for recruitment of counsel, he must include in the motion the name and addresses of at least three attorneys he has contacted, and, if available, attach the letters he sent to the attorneys.

**<u>Motion for Leave to File First Amended Complaint (Doc. 43)</u>**

Following the Court's threshold review of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on an Eighth Amendment claim that Defendants were deliberately indifferent to his serious medical needs involving degenerative arthritis and pain associated therewith in violation of the Eighth Amendment (Doc. 7). Specifically, Plaintiff alleged that Nurse Brewer allegedly prescribed Plaintiff basic pain medication despite being told that it would be insufficient to treat his pain, instead of seeing to it that Plaintiff received the care he needed from

someone capable of prescribing the appropriate medication (Doc. 7). Plaintiff similarly alleged that Dr. Santos persisted in a course of treatment that was not effective for treating Plaintiff's pain, despite being informed by Plaintiff what would and would not work based on his past treatments (Doc. 7). As for Lisa Krebs, the Health Care Administrator, Plaintiff alleged that he wrote letters to her about the deficient care he was receiving but she apparently deferred to Dr. Santos's decisions without further inquiry (Doc. 7).

On December 27, 2018, Plaintiff submitted a proposed amended complaint, which was docketed as a motion for leave to file an amended complaint (*see* Doc. 43). In the amended complaint, Plaintiff seeks to add new factual allegations regarding the medical care he received both before and after he filed his lawsuit in an effort to bring the pleadings in line with the knowledge he has learned from discovery to date. He does not seek to add any new defendants. Although Plaintiff purports to add two new claims, as Defendants point out (Doc. 44), they are not actually new claims. Rather, Plaintiff is simply expanding his existing deliberate indifference claim to allege not only that the medications prescribed were ineffective at treating his pain, but also that they worsened his liver disease, which was initially brought on by Hepatitis B.

Given that Plaintiff does not seek to add any new claims or parties, his motion is governed by Rule 15, which provides that courts should "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).[1] A trial court, however, may deny a

---

[1] If Plaintiff wanted to add new claims or parties, the Court would first consider whether "good cause" for the amendment existed under Rule 16(b)(4) because his motion was filed after the September 21, 2018, deadline for adding new claims or parties (Doc. 21). *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)).

motion for leave to amend where there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir.2008).

Here, Defendants assert that they would be prejudiced by an amendment because they have already propounded written discovery to Plaintiff, and an amendment would likely require additional discovery (Doc. 44). The Court is unconvinced by Defendants' argument. Discovery has not yet closed and, while some additional discovery may be required, there is no indication that it will be extensive. As such, the Court has no reason to think Defendants will be unduly prejudiced by the amendment. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 43) is granted.

**Motion to Understand This Court's Decision (Doc. 49)**

This motion is granted. Magistrate Judge Donald Wilkerson was previously assigned to this case along with District Judge Nancy Rosenstengel. Magistrate Judge Wilkerson retired and therefore this case had to be reassigned to another Magistrate Judge. It is now assigned to Magistrate Judge Mark Beatty and District Judge Nancy Rosenstengel. The reassignment is an administrative matter and Plaintiff need not take any action.

## Conclusion

Plaintiff's Motion for Recruitment of Counsel (Doc. 42) is **DENIED**. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 43) is **GRANTED**. The Clerk of

Court is **DIRECTED** to file Plaintiff's submission and title it "First Amended Complaint."

Plaintiff's Motion to Understand This Court's Decision (Doc. 49) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   February 12, 2019

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
